(4 Misc. Rep. 104.)

BIRD v. EVERARD.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. BAILMENT—LIABILITY FOR CLOTHES OF CUSTOMER OF BATHROOM.

Where the proprietor of a bathing establishment assigns a patron a room for the purpose of disrobing, it is a representation that he will assume the custody of the patron's apparel at that place, and, having received the sum demanded for the bath, he becomes a voluntary custodian of the apparel for profit, and bound to exercise due care to prevent its loss, and for failure to do so is answerable in damages.

2. SAME—PROOF OF NEGLIGENCE.

Where such proprietor indiscriminately admits persons as patrons of his establishment, his omission to employ one or more competent persons to guard against loss of apparel by theft is want of ordinary care.

3. SAME—PROOF OF VALUE.

In a suit by a patron of a bathing establishment to recover for the loss of an overcoat taken from his dressing room, evidence as to what he paid for the coat was competent, and, in the absence of other proof, sufficient to establish its value at the time of its loss.

Appeal from sixth district court.

Action by Ernest H. Bird against James Everard to recover the value of an overcoat lost or stolen from plaintiff's room while a guest at defendant's bathing establishment. Judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

David M. Neuburger, for appellant.
A. H. Alker, for respondent.

PER CURIAM. Plaintiff sued to recover the value of an overcoat, which he claimed was purloined from the room assigned to him for the purpose of disrobing, while a guest at defendant's Russian and Turkish bath establishment in the city of New York. It seems to have been conceded on the trial that plaintiff left defendant's establishment, several hours after he entered it, without an overcoat answering the description of the one he complained to have been taken from his room; and that he had it with him when he entered the room appears very clearly from his testimony, which is amply corroborated by that of his witness Goodwin. An effort was made on defendant's part to discredit plaintiff and Goodwin by the testimony of several of defendant's witnesses to the effect that when they entered defendant's establishment both plaintiff and Goodwin were in such a state of inebriety as to be wholly unconscious of each other's dress or appearance. A second effort on the part of defendant was to show that the room assigned to plaintiff was so constructed as to admit of no means of ingress except by the door of which plaintiff was furnished the key. Upon the conflict of evidence which ensued in both particulars the record presents no such preponderance in defendant's favor as will enable us to say that the trial justice's adverse determination was error. From the very nature of the accommodations afforded by defendant's establishment it seems entirely clear that, while plain-

tiff was absent from the room assigned to him, and in the bath, his apparel, deposited in the room, was in defendant's keeping. The assignment of the room for the purpose of disrobing was, in effect, a representation by defendant that he would assume the custody of plaintiff's apparel at that place. Having received the sum demanded of plaintiff for the privilege of the bath, and assumed the custody of plaintiff's apparel while the latter was enjoying the privilege, defendant became a voluntary custodian of plaintiff's apparel for profit, and was bound to exercise due care to guard it against loss or theft by others having access to defendant's establishment with his permission; and for any loss or theft which could have been prevented by the exercise of such care defendant was answerable in damages. Bunnell v. Stern, 122 N. Y. 539, 25 N. E. Rep. 910. Assuming that there was no sufficient evidence of defendant's want of care when plaintiff rested, the error, if any, presented by the exception taken to the trial justice's denial of defendant's motion for dismissal of the complaint at that stage of the trial was cured by evidence subsequently introduced on behalf of either party, (Painton v. Railroad Co., 83 N. Y. 7;) and upon the evidence as it was finally submitted to the trial justice the conclusion is irresistible that the loss or theft of plaintiff's overcoat could have been prevented had defendant, in view of the indiscriminate admission of persons as patrons of his establishment, employed one or more competent persons to guard against such occurrences. His omission to do so was want of ordinary care, and his want of ordinary care was negligence. The only defense which was attempted on the trial was that plaintiff did not have an overcoat answering the description given with him when he entered defendant's establishment to secure the bath, and, when this failed, a judgment for plaintiff was the inevitable result. Evidence of what plaintiff paid for the overcoat was competent, and, in the absence of other proof, sufficient to establish the value of the overcoat at the time of its loss. Hoffman v. Conner, 76 N. Y. 124; Campbell v. Woodworth, 20 N. Y. 499; Wells v. Kelsey, 37 N. Y. 143; Hangen v. Hachemeister, 114 N. Y. 566, 572, 21 N. E. Rep. 1046; Jones v. Morgan, 90 N. Y. 4, 11.

The judgment appealed from should be affirmed.