## K. W. ALLISON v. JAMES SHINNER.

(Filed July 30, 1898.)

1. CONTRACT—*Work and Labor—Quantum Meruit.* In an action for services in plastering a house, there being no contract or agreement between the parties that the work should be paid for by the yard, or stipulation regarding the price to be paid, and the action being upon a *quantum meruit* to recover the reasonable value of the service, it is immaterial whether there is or is not a usage of trade in the business of plastering, by which the number of yards of plastering done is computed from outside measurements of the building, including all openings for doors and windows. Such usage, if it existed, would only be material to be shown where the price per yard was stipulated by contract, and the issue alone was the number of yards.

2. CONTRACT—*Evidence—Counter-Claim—Set-Off.* In an action for plaster-

ing a house, where defendant pleaded a counter-claim, alleging
damages on account of plaintiff's unskillful workmanship in con-
structing a foundation for the house, it was not error for the court
to instruct the jury that to entitle defendant to damages for any
failure on the part of plaintiff to construct such foundation in a
workmanlike manner, it mu t be shown by the defendant, by a pre-
ponderance of the evidence, that the contract for building such
foundation was a part of the same contract, agreement, or trans-
action under which the plastering of the house was done. By sec-
tion 95, Code Civ. Proc., a counter-claim must be a ground of defense
arising out of the contract or transaction set up in the petition as the
foundation of the plaintiff's claim, or be connected with the subject
of plaintiff's cause of action.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before
J. R. Keaton, District Judge.*

*Hocker & Woods* and *Fisher & Hennessey,* for plaintiff in
error.

Action by James Shinner against K. W. Allison. There
was a judgment for plaintiff, and defendant brings error.
Affirmed.

Opinion of the court by

TARSNEY, J.:   This action was commenced in a justice
court upon a bill of particulars, claiming a balance on
account for lathing and plastering and building a flue.
From a judgment for plaintiff, defendant appealed to the
district court, where plaintiff again had judgment, from
which the defendant appeals to this court. The case
involves but $17.40.   Plaintiff claimed in his bill of partic-
ulars for 380 square yards of lathing and plastering, at
8 cents per square yard, amounting to $30.40, and $2 for
constructing a flue; gave credit for $15 on account, and
asked judgment for a balance of $17.40.   Defendant an-
swered (1) with a general denial, and (2) by way of coun-
ter-claim, alleged that he employed the plaintiff to do
some masonry—building a foundation for a house, and

—18

constructing a brick flue therein—and, also, to do some plastering; that defendant employed plaintiff to do said masonry work and plastering at one and the same time; that all of said work and the employment therefor constituted one transaction; that defendant agreed to pay plaintiff reasonable day wages for doing all of said work; that the work was not done in a workmanlike manner; that by reason of plaintiff's failure to do said work in a workmanlike manner defendant was injured in the sum of $40.

On the trial of the cause in the district court the evidence was conflicting as to the number of yards of lathing and plastering done by plaintiff. Evidence was permitted to be introduced on the part of the plaintiff showing a usage in the locality in the business of lathing and plastering to compute the number of yards by the outside measurements of the building, including all openings. Defendant contended that plaintiff could only recover for the amount of work shown by actual measurement, and that a constructive measurement, based upon usage, was not authorized. The only point discussed in the brief of counsel for the plaintiff arises upon this proposition, it being contended by counsel for plaintiff in error that the record fails to disclose any evidence whatever that plaintiff in error had any knowledge that such usage existed among plasterers, and that, if such usage did exist, it is unreasonable and void, and cannot bind the plaintiff in error. This question does not arise upon the record in this case. Such usage would only be material to determine the amount of recovery where, by special contract, the price per yard to be paid was agreed upon, and the question at issue was the number of yards of work done. This action is not upon a special contract, by which the

price per yard to be paid was fixed. It is an action upon a *quantum meruit* to recover the reasonable value of the service performed, and this value might be determined without regard to methods of computing the number of yards comprised in the work performed. It might be determined—as it undoubtedly was by the jury in this case—by the number of days the plaintiff was employed in the service, and the reasonable value of a day's service in such employment. Neither party alleges in his pleadings or shows by evidence that the work was to be done for a stipulated price per yard. Defendant alleges in his counter-claim that he agreed to pay plaintiff reasonable day wages for doing the work. There was evidence showing the number of days plaintiff was engaged in lathing and plastering, and that such work was reasonably worth $3 per day.

Plaintiff in error also contends that the court erred in instructing the jury that before they could allow plaintiff in error any damages caused by the incompetency of defendant in error as a stone mason, and for his failure to construct the foundation in accordance with the terms of his contract, plaintiff in error must show by a preponderance of the evidence that the contract for building the foundation was a part of the contract between said parties for plastering.

By section 95 of the Code of Civil Procedure, a counterclaim must be a ground of defense arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or be connected with the subject of the action. There is evidence in this record tending to show that the arrangement between the parties for the construction of the foundation had no relation whatever with the arrangement for plastering the

Allison v. Shinner.

house; that they were two distinct transactions; that the masonry had been completed, fully paid for, and that transaction settled between the parties before an arrangement for the plastering of the building was entered into. Under this state of the evidence, the instruction complained of was properly given. The instructions upon the whole, as given, were more favorable to the plaintiff in error than the state of the evidence warranted. The instruction complained of left it to the jury to determine from the facts whether the construction of the foundation and the plastering were parts of the same transaction. The evidence warranted the jury in finding either way upon that issue. They may have found that they were not parts of the same transaction, and, therefore, that plaintiff in error was not entitled to an allowance of the damages claimed in his counter-claim; or they may have found that, though all the work amounted to but one transaction, plaintiff had not been damaged by reason of anything in the manner in which the work was done. The evidence was sufficient to support a finding upon either of such theories. There is no error in this case calling for our interference. The verdict and judgment were clearly for the right party. Judgment affirmed.

All of the Justices concurring.