(25 Misc. Rep. 168.)

## SCHNEPS v. STURM.

(Supreme Court, Appellate Term.    November 10, 1898.)

1. BATH HOUSES—STOLEN PROPERTY—NEGLIGENCE.

Defendant kept a bathing tank, and charged five cents for a bath. He supplied no lockers, and his patrons deposited their clothing on a bench near the tank. When requested, he would receive from customers such articles as they wished taken particular care of. While plaintiff, who was a regular customer, was bathing, a watch, diamond ring, and $55 were stolen from his clothes on the bench. *Held*, that defendant was not liable.

2. SAME.

A patron of a bath house, failing to avail himself of the privilege of depositing specially valuable articles with the proprietor, is guilty of such negligence as precludes a recovery for a watch, diamond ring, and money stolen from his clothes on a bench, by an unknown person, while he was bathing.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Louis Schneps against Abraham Sturm.    Judgment for defendant, and plaintiff appeals.    Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Jacob Rieger, for appellant.
Joseph Wilkenfeld, for respondent.

BEEKMAN, P. J. The plaintiff sues to recover the value of a watch and chain, a diamond ring, and some $55 in money, which he alleges were stolen from his clothes in the defendant's bathing establishment while he was in the bath, and he charges the defendant with negligence in omitting to exercise proper care for the protection of his property. Doubtless there did rest upon the defendant the duty of showing some degree of care in the matter, measured by what a person of ordinary care would do under similar circumstances and conditions. Bird v. Everard, 4 Misc. Rep. 104, 23 N. Y. Supp. 1008. What that might be is ordinarily a question of fact for the jury, or the court, where the latter is the trior of the facts. In the case at bar the trial was had without a jury, and, as the justice has found for the defendant upon the merits, we must assume the facts of the case to be as they were testified to by him and his witnesses. From this point of view, it appears that the defendant was at the time of the occurrence the proprietor of a bathing establishment at No. 99 Attorney street, in this city. The equipment consisted of a single bathing tank, used in common by all who resorted to the place. No lockers were provided, but each bather placed his clothes upon a bench provided for the purpose in the bathing room; and it was the duty of an employé of the defendant, styled the "manager," who had general charge of the place, to exercise supervision over the bath room and its contents. Whenever requested so to do, the manager would receive from customers such articles as they might wish to deposit for special care. The charge for a bath, which covered all privileges, was five cents. The plaintiff had been a weekly customer of the defendant for a year, and on at least one previous visit had deposited his valuables with the defendant. On the day of the loss complained of, he entered the place; and instead of specially depositing the articles in question, or informing the defendant's manager that he had them in his clothing, he voluntarily placed his clothes upon the bench, in a place of his own selection. It was while he was in the bath that, as he alleges, the theft took place. The proof shows that a number of people were using the bathing tank at the time, that their clothing was also deposited upon the bench, and that the manager was patrolling the place, and supervising the bathing room. There is no evidence showing how the loss occurred. The fact that there was a loss rests upon the evidence of the plaintiff that he had these things in his clothes when he went in the bath, and that they were not there when he came out. Such were the facts, as presumably the justice below found them to be; and it certainly cannot be said that they did not amply support his conclusion that there was no negligence on the part of the defendant, or at least that there was no preponderance of evidence in support of the charge. The defendant's duty was measured by what he undertook to do. The accommodations he

afforded, and the extent of protection which he gave, were all known to those who frequented his place; and, in accepting what was offered, they must be deemed to have been satisfied with it. It was that, and that alone, which they paid for, and the measure of defendant's obligation to them was the careful observance of that which the facts show he assumed to perform. The court cannot say that he should have provided lockers, or an increased number of employés, watchers, or detectives. He did not contract to do so, but for a very small sum agreed with his patrons to furnish what they deemed to be an equivalent, in the advantages, such as they were, which he offered. The court below has found that the duties which he so assumed were not negligently performed, and, as there is sufficient evidence to support such a conclusion, the judgment will not be disturbed by us.

We think, also, that the plaintiff was guilty of contributory negligence, in placing his valuables in such an exposed place, and in not depositing them with the defendant for safe-keeping, as he had previously done. That he deliberately refrained from doing so seems to be established by the testimony of two apparently disinterested witnesses, to whom he mentioned his loss, and who stated that, when they asked him why he had not deposited the property in question as he had done before, he replied that he wanted to use the place only for a short time. Having failed to avail himself of a means of protection afforded by the defendant, which ordinary prudence required him to adopt, he was himself guilty of negligence which in itself was sufficient to bar a recovery. The judgment below, dismissing the complaint, was right, and should be affirmed.

Judgment affirmed, with costs. All concur.