### HARRIS v. CHILDS' UNIQUE DAIRY CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. Restaurant Keeper—Property of Guests—Theft—Liability.

The proprietor of a quick-lunch restaurant, having provided nails in the walls on which hats and overcoats could be hung, also posted placards containing the words: "Numerous Thieves. Watch your Overcoat and Hat." At the bottom of the bills of fare on the tables was printed: "Not responsible for personal property unless checked by the manager." A manager was in attendance and on the watch to protect the property of patrons, and the checking system provided ample protection for overcoats. Held, that the proprietor was not negligent in respect to the protection of a patron's overcoat hung by its owner on a nail and stolen therefrom.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Lewis Harris against the Childs' Unique Dairy Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Frayer, Smith, White & Seamon, for appellant.
Daniel W. Blumenthal, for respondent.

GILDERSLEEVE, J. On February 24, 1903, plaintiff entered defendant's restaurant for lunch. It was a so-called "quick-lunch restaurant," where no rule of etiquette required the removal of either hat or overcoat by the customers. Nevertheless there were nails in the walls upon which customers could hang their hats and overcoats, if they wished. Also upon the walls were posted large printed placards containing the words: "Numerous Thieves. Watch your Overcoat and Hat." Plaintiff admits that he had observed these placards. Upon each table were four bills of fare, upon the bottom

of which were printed the words: "Not responsible for personal property unless checked by the manager." Plaintiff had frequently eaten at said restaurant, and was presumably well aware of this notice. On the occasion in question plaintiff took off his overcoat, and first handed it to a waitress, but immediately took it back from her, and then hung it on a nail, and seated himself at a table in a position from which he could not see his overcoat without turning around. He paid no further attention to it until he had finished his meal, when he discovered that his overcoat had been stolen. He brought this action against the owner of the restaurant for the alleged value of the overcoat, and recovered a judgment for $40 damages and $4.41 costs. Defendant appeals.

The rules of law applicable here have been clearly laid down by this court in the case of Montgomery v. Ladjing, 30 Misc. Rep. 96, 61 N. Y. Supp. 840. We think the plaintiff failed to sustain the burden of showing absence of such care, in respect of the plaintiff's overcoat, as the circumstances required. On the contrary, it appears from uncontradicted testimony that the defendant had in attendance a manager, constantly on the watch to protect the property of his patrons; that he provided a system of checking, which, if availed of by patrons, afforded ample protection for overcoats; and that conspicious placards were posted containing warning against thieves. Moreover, there is no sufficient evidence of the value of the coat, since the only testimony on this question is hearsay. Upon a careful reading of all the testimony, it must be said that the facts essential to the plaintiff's right to recover are not established by a fair preponderance of evidence.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.