a fragment of a bomb which struck her. Allen, J., in writing for the court, said:

"There was sufficient evidence for the jury of the negligence of the defendant's agents. The evidence tended to show that the mortars were discharged in too small an inclosure for perpendicular firing to be safe; that insufficient time was taken for preparation; that the firing was done in somewhat of a hurry; that due care in firing bombs requires that the mortars should be so aimed that the bombs will not fall upon the people; and that the bomb or shell which hit the plaintiff fell at a place far·from where it was intended to fall, or safe for it to fall. The defendant now contends that there was no evidence of the negligent firing off of a particular mortar from which the plaintiff received her injury. There was, however, nothing to show that anybody else was discharging mortars near by, and ·the jury might well find that she was hurt by a bomb or fragment of a shell carelessly fired from a mortar by the defendant's agents, and this was enough, without identifying the particular mortar, or the particular discharge, or tracing the bomb in its flight."

While all of the elements of negligence there enumerated are not found in the case at bar, the fact that the bomb fell at a place far from where it was intended to fall, or safe for it to fall, is part of the evidence which was held sufficient to sustain a finding of negligence in that case. See, also, Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

For this reason, I think the trial judge erred in directing a nonsuit.

---

· DEYO v. KINGSTON CONSOL. R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. NEGLIGENCE—OWNER OF PLACE OF PUBLIC AMUSEMENT—INDEPENDENT CONTRACTOR—LIABILITY.

Defendant owned and managed a park for public amusement for an admission fee. Plaintiff paid the admission fee and entered the park to witness an exhibition of fireworks as advertised by defendant. During the exhibition a rocket was discharged which struck plaintiff and injured her. A third person whose business was that of exhibitor of fireworks did all the work in connection with the sending off fireworks, under a contract with defendant to give the exhibition, and defendant had no control over the details of the work nor over the men who performed it. *Held*, that defendant was not liable, though the third person was negligent.

Houghton, J., dissenting.

Appeal from Trial Term.

Action by Katherine Deyo against the Kingston Consolidated Railroad Company. From a judgment for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Reversed.

Defendant, being a domestic corporation, owned a certain park known as "Kingston Point Park," near the city of Kingston, in this state. It had a street surface railroad running from Kingston to the park, and during certain seasons of the year it advertised entertainments of various kinds to be given at such park, to which the public were carried by rail, and paid an admission fee to enter the park and view the same. On the evening in question an exhibition of fireworks had been advertised at the park, and the plaintiff was one of the public who attended to witness the same. She paid her admission fee of 25 cents, and took her seat in the park at one

of the places provided for that purpose. During the exhibition a rocket was discharged, which, upon falling, struck her in the eye. She was very seriously injured, and brought this action against the defending company to recover damages for the same. The jury gave her a verdict for $2,500, upon which judgment was entered. From the judgment so entered, and from an order denying a new trial on the minutes, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles M. Preston and Howard Chipp, for appellant.

Amos Van Etten, for respondent.

PARKER, P. J. The negligent act which the complaint charges as having produced the injury complained of is that the defendant's agents and servants negligently discharged the rocket at and towards the plaintiff, so that the stick hit her in the eye. Also, in its charge to the jury, the trial court told them that the negligence complained of was "that in the manipulation of the rockets there was negligence." Want of due care, therefore, on the defendant's part, in any matter other than the method by which the rocket was directed and discharged, is not claimed and has never been determined against it in this action.

Concededly, the persons who manipulated the rocket that injured the plaintiff—those who discharged and directed it—were men sent by the Pain Manufacturing Company to do all the work necessary to give the exhibition of fireworks which that company had contracted with the defendant to give on the evening in question. There is no claim that the defendant in any manner interfered with or directed those men in the performance of that work, and the firing of the rocket in question was a part of and occurred in such performance. It is clear, therefore, that neither the defendant nor any of its regular and usual employés did the negligent act which caused this injury. It was done by the Pain Manufacturing Company, and, naturally, that company and its servants would be deemed the parties to whom the plaintiff must look for redress. King v. N. Y. Central & H. R. R. Co., 66 N. Y. 181, 23 Am. Rep. 37.

If, however, for any reason, the persons who manipulated the rockets can be deemed the servants of the defendant, if such a relation can be considered to then exist between them and the defendant, the plaintiff's claim for injuries can be sustained against the defendant. A person is liable for the negligent act of his own servant done in the performance of his, the master's, business. The record in this case, however, very clearly shows that neither the Pain Company nor the persons whom it sent to do the work had assumed the relation of servant towards this defendant. That company was one of the best known and largest exhibitors of fireworks in the country. That was its own individual and independent business. And all that was done in the matter of sending off fireworks that evening upon the defendant's grounds was done by that company as an independent contractor. The defendant had no control whatever over the details of the work, nor over the men who performed it. This is plain from the contract made with that company and from the evidence in

the case, and the following cases clearly show that the relation of master and servant did not exist between them: Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; Uppington v. City of New York, 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; Murray v. Dwight, 15 App. Div. 241, 44 N. Y. Supp. 234; Id., 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673; Lewis v. Long Island R. R. Co., 162 N. Y. 52, 66, 56 N. E. 548. And the defendant cannot be held liable upon the doctrine of respondeat superior. Wyllie v. Palmer, 137 N. Y. 248, 257, 33 N. E. 381, 19 L. R. A. 285; Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542. But even when a person has been doing work as an independent contractor for another, and the relation of master and servant clearly does not exist between them, yet the employer has in some instances been held liable for injury resulting from the contractor's work. The instances and the principles which control those cases are found in Engel v. Eureka Club, 137 N. Y. 100, 104, 32 N. E. 1052, 33 Am. St. Rep. 692; Berg v. Parsons, 156 N. Y. 109, 115, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542, and furnish additional exceptions to the rule that he who does the negligent act is alone liable for the injury caused thereby. But it is evident that neither of the principles therein stated are applicable to this case.

It is urged, however, that there are features in this case which should create a further exception to the general rule. The place where this injury occurred was one to which the public were constantly invited by the defendant for the purpose of witnessing entertainments given by the defendant, and for which it charged an entrance fee. Upon the evening in question this plaintiff, with some 2,000 others, were invited by the defendant to attend and witness an exhibition of fireworks, and each paid the defendant the sum of 25 cents for so doing. As between the defendant and the public so invited, therefore, the defendant gave the exhibition, and the parties who manipulated the rockets were its assistants in giving that exhibition; and the claim is made that, as between the defendant and those so attending, the defendant should be held liable for the negligent act of those so assisting. No principle announced in any of the exceptions above cited sustains this claim, but it is vigorously urged that one exists and should be recognized in the relation that is created between those so invited and attending, and the trust that is necessarily placed by them with such owner that the whole exhibition to be so witnessed is in his care, and that he is responsible for the negligent act of whoever assists him therein. They urge that such a principle is substantially recognized in cases where the owner of such grounds has been held liable for an injury resulting from the improper and unsafe construction of a building or a grand stand into which the public have been invited, even though their defective condition resulted from the carelessness of a contractor, and from no negligent act or fault whatever of the owner. The case of Francis v. Cockrell, L. R. 5 Q. B. 501, and the case of Barrett v. Lake Ontario Imp. Co., 174 N. Y. 311, 314, 66 N. E. 968, 61 L. R. A. 829, are cited as sustaining this rule, and the argument is that the same duty that requires an owner to be responsible for the safe

condition of the place where the exhibition is held requires the owner to be equally responsible for the careful and prudent manner in which the exhibition is conducted. But, in my judgment, the cases do not sustain the proposition that the owner of such premises warrants that they are safe for the public use. The rule is that if the owner knows, or ought to have known, that they are in any respect unsafe for such use, and himself invites, or permits another to invite, the public upon them, he will be liable to any one of the public who is injured because of their unsafe condition. The ground of his liability is his own negligence in permitting the public to use the premises in the unsafe condition, and he is held in this respect to a very strict degree of care concerning their safe condition. The case of Edwards v. New York & Harlem R. R. Co., 98 N. Y. 245, 50 Am. Rep. 659, so holds, and the discussion in the prevailing and dissenting opinions in that case well illustrates the distinction. And I do not find in any of the more recent cases that this principle has been at all modified. None of the cases cited by the respondent are therefore authority to sustain the claim which she makes. Even as between himself and the public, the owner who invites them upon his premises is held liable for his own negligence only, and the negligent acts of another, unless within the exceptions above stated, are not a cause of action against him. Thus, in the case at bar, the only negligence complained of is that a rocket was negligently directed and discharged by a servant of the Pain Manufacturing Company. The defendant, when it invited the public upon its grounds, had no reason to apprehend such a negligent act would occur. It was not a condition which it knew, or ought to have known, threatened injury to those attending, and hence it did not come within the rule settled by the Edwards Case, supra. And so long as it must be conceded that the defendant was not the master of the one who fired the rocket, and cannot be held under the rule of respondeat superior, there is no rule of law to which my attention has been called that does hold it liable. There are instances, and this may be one of them, which would seem to indicate that sound public policy should require that whoever invites the public to witness an entertainment on his premises, for a compensation, should be held liable for the negligent act of any one who takes part in exhibiting it; but, on the other hand, I can conceive of instances where such a rule would be a harsh and unjust one. I do not find that the courts have, as yet, settled upon such a rule as the law of the land, and I am not disposed to declare it to be the law in this case. The negligent party, if any, in this case, was the Pain Manufacturing Company, and against it should the plaintiff have looked for redress.

The judgment should be reversed, and a new trial granted; costs to the appellant to abide the event. All concur, except HOUGHTON, J., who dissents.

CHASE, J. (concurring). I vote for a reversal of the judgment upon the grounds stated in the opinion of PARKER, P. J., but I am of the opinion that the complaint is sufficient to authorize the admission of evidence of the defendant's negligence in allowing the exhibit of rockets to continue after its officers knew that rocket sticks

were falling in the immediate vicinity of its paid guests, and, on the evidence received, if the court had charged the jury that the defendant is not liable for the negligence of the employés of the Pain Manufacturing Company, but that if it had sufficient time, in the exercise of reasonable diligence, after it knew that rocket sticks were falling in that part of its park reserved for guests, to have stopped such exhibit before the plaintiff was injured, and failed to do so, such failure is negligence for which it is liable to the plaintiff, and the jury had found for the plaintiff, I would have voted for an affirmance.

HOUGHTON, J. (dissenting). I think this judgment should be affirmed rather than reversed. Irrespective of the question whether the fireworks company was under the direction and control of the defendant, or whether it was an independent contractor, I think the evidence shows that the defendant was guilty of negligence and that the recovery was proper.

The court correctly charged the jury that the defendant, having accepted an admission fee, owed its patrons the duty, at least, of reasonable care within its park. One who enters upon the premises of another by invitation has the right to assume that reasonable care will be exercised to protect him from injury. And one who thus invites another, expressly or impliedly, is chargeable with the duty of exercising that degree of care. Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594. This principle applies to the proprietor of a store (Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519; Swinarton v. Le Boutillier, 7 Misc. Rep. 639, 28 N. Y. Supp. 53, affirmed 148 N. Y. 752, 43 N. E. 990), and to a bathing house keeper (Bird v. Everard, 4 Misc. Rep. 104, 23 N. Y. Supp. 1008), and to the proprietor of a public hall (Currier v. Boston Music Hall Association, 135 Mass. 414).

In the case of Swinarton v. Le Boutillier, supra, a cash boy in the employ of the defendant snapped a pin, which penetrated the eye of a customer. The theory upon which the plaintiff was allowed to recover was that the defendant had not checked the habit of snapping pins amongst its cash boys, the custom having been prevalent for such length of time in defendant's store that he ought to have known that such dangerous practice existed. The defendant having invited the plaintiff to his premises for the purposes of trade, the principle was applied that he must use reasonable diligence in suppressing such evidently dangerous practice.

The case of Conradt v. Clauve, 93 Ind. 476, 47 Am. Rep. 388, is particularly applicable to the case at bar. There the managers of a fair, charging an admission fee, had allotted a part of their grounds to target shooting. Without knowing the direction of the bullets or that this practice was carried on, the plaintiff hitched his horse in an ordinary place, and it was shot and killed. The court says:

"The practice in target shooting appears to have been a part of the entertainment carried on at the fair, and as the defendants were the owners of the premises, and the managers and controllers of the fair, the practice in target shooting was a part of their exhibition, and under their supervision

and control as much as any other part of the fair. And those having charge of the practice, as well as those engaged in it, while, perhaps, not strictly agents or servants of the defendants, were acting under the license and permission of the defendants, and such a relation existed between them as will hold the defendants liable for injuries resulting from their negligence in not properly controlling the conduct and management of this part of their exhibition."

The plaintiff's witnesses Sturgeon, Wachmeyer, and Snyder all testified to facts from which the jury had a right to say that, for some considerable time before the accident to plaintiff, rocket sticks had fallen in close proximity to the pavilion, in which the plaintiff and other spectators were gathered for the purpose of witnessing the display. As one of the witnesses expresses it, the rockets appeared to have been fired toward the pavilion, and the pavilion was a place provided by the defendant from which spectators could obtain a view of the exhibition, and chairs and seats were provided therein.

In addition to the plaintiff's testimony, the general manager of the defendant himself testifies that he was on an island immediately in front of the pavilion, with his family, and that sticks had fallen in the water near him, to the number of six or a dozen, and that this alarmed him, and that he got into a boat and went to the dock for the purpose of stopping the firing of rockets in that direction. When he arrived he learned of the plaintiff's injury, and sent a man to stop the firing, and was told that all the rockets had been discharged.

Whether those engaged in the firing of the rockets were servants of the defendant or not, it became the duty of the general manager, upon observing that the sticks were falling in dangerous proximity to the spectators, to at once see to it that their direction was changed. The rockets were not discharged all at once but at intervals, and the jury were entirely justified in saying that the firing had continued in this dangerous manner for such a period of time prior to the accident as made it negligence on the part of the general manager of the defendant not to have sooner prevented it. Those who had gathered at the defendant's park and paid admission thereto were entitled to be protected against such an obviously dangerous thing as the continued falling of rocket sticks in close proximity to the place provided for them to obtain a proper view of the exhibition. The defendant had sufficient control over the fireworks company either to have stopped this practice or put an end to the exhibition.

But it is suggested that the case was not tried upon this theory, and that the court did not in words charge the jury that they might hold the defendant liable for not stopping the dangerous firing after discovering the direction in which the rocket sticks were falling. It is true he did not use this precise language, but the case was submitted to the jury substantially on this theory. On motion of the defendant the court had rejected the theory of the defendant that it could not be liable because it had an independent contract with the fireworks company, and that its servants engaged in discharging the fireworks were not the servants of the defendant, and had held that the defendant might be liable for any negligent act taking place within its park which it could have prevented by reasonable care. The court stated to the jury that the claim of the plaintiff was that the

rockets were negligently manipulated and discharged in the direction of the spectators, and that the contention of the defendant was that they were properly fired, but that currents of air carried the sticks in a wrong direction. In another portion of his charge he says that it was the duty of the defendant only to use ordinary care and ordinary diligence in seeing that no accident should happen to any of its patrons. While the language of the court does not quite meet the rule under which I think the defendant should be held liable, yet the case was submitted substantially upon that theory. The jury were not permitted to hold the defendant liable on the theory that the servants of the fireworks company were servants of the defendant, but, rather, that the defendant owed the duty of reasonable protection to the plaintiff from any dangerous agency which it had provided for the entertainment of its patrons. Moreover, there was no request on the part of the defendant that the court should charge any proposition, nor any exception to what he did charge.

The judgment and order should be affirmed, with costs.