## THOMAS v. SPRINGER.

(Supreme Court, Trial Term, Kings County. April, 1909.)

THEATERS AND SHOWS (§ 6*)—LIABILITY FOR INJURY TO PATRON.
    The owner and manager of a theater is liable to a patron injured by the negligent handling of a spot light which fell and struck him, though the operator was not employed by him but the performing company.
    [Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 6.*]

Action by one Thomas against one Springer. Verdict for plaintiff, and defendant moves to set the same aside and for a new trial. Motion denied.

Pearsall, Kapper & Pearsall (Isaac M. Kapper, of counsel), for plaintiff.

George W. Glaze, for defendant.

KELLY, J. Owing to the serious injury to the plaintiff and the substantial damages awarded by the jury, I have examined carefully the brief submitted by the learned counsel for the defendant; but I believe the instructions to the jury in the case were right on the facts testified to. The jury were told that the defendant theater proprietor and manager was obliged to use reasonable care to see that his patrons, while occupying the seats to which he had assigned them, were not injured by things falling on their heads through instrumentalities which he allowed to be operated in the body of the theater during the performance.

This lantern throwing the spot light upon the stage during the performance of the play was operated in the upper gallery on the rail,

immediately over the heads of the persons seated in the first balcony. It was certainly operated there by permission of the defendant and with his knowledge. The performance itself was on the stage. This lamp was out among the audience, operated by the man Eckstein, who was in the general employment of the defendant as an electrician, but who, at the moment of the accident, was working for the performing company and paid by the performing company. I think defendant who advertised himself as manager and proprietor of the theater, was such in fact, that he controlled the house, and took part in the production of the play. He supplied the music by which the performers danced and sang. He supplied the light by which the theater and the stage were illuminated. When the necessities of the play required it, his lights were lowered, and the spot light was thrown upon the stage, and again the ordinary theater lights are turned up and the spot light disappears. The musicians, the ushers, the ticket takers, the men to preserve order, were all a part of the performance, one part depended upon the other for the success of the performance as a whole, and the division of the receipts characterizes the entire transaction and the relation of the parties. I am not deciding that the defendant would be liable for some unexpected or wanton act on the part of a performer upon the stage not to be anticipated, but when the owner and manager of a theater allows the employés of the performing company to go out among the audience to set up or operate appliances which may injure the persons who have paid their money to the manager and who have been assigned to their seats in the particular location, who are subject to the rules and regulations of the theater, with the owner's officers about to maintain order, in such case I believe that a jury may impute negligence to the owner and manager if accident and injury occur through the carelessness of the man manipulating the appliances. I think it is a question for the jury whether the accident should have been anticipated, and whether it was caused by carelessness. I think this follows from the relation of the owner and manager to the performing company and its agents and employés, as disclosed by the evidence in this case, the joint character of the enterprise, and the performance which was going on. It seems to me that every principle of public policy requires such determination. So far as personal security from accident by reason of falling objects within the theater, or insecurity in the appliances placed out among the men, women, and children attending theaters, is concerned, it appears unreasonable that the injured party should be relegated to a claim against some traveling theatrical troupe, brought to the theater by the owner and manager; and who may depart overnight to places unknown, or vanish into the empty air.

The learned counsel for the defendant cites the case of Deyo v. Kingston Consolidated R. R., 94 App. Div. 578, 88 N. Y. Supp. 487, where the Appellate Division in the Third Department reversed a judgment entered on a verdict in favor of a woman who attended a pyrotechnic exhibition in a park at Kingston Park. While the exhibition was going on, a rocket stick fell and seriously injured her. The appellate court held that the negligence was on the part of the pyrotechnist, not on the part of the defendant railroad company,

which owned the park, advertised the show to give increased travel on its cars, and which collected the admission fee to the exhibition. While my own views on the subject differ from those of the appellate court, even on the facts in the case cited, the decision is binding on me if it applies to the case at bar; but I do not think the case is similar. The decisions in the Deyo Case and in the case of Sebeck v. Platte-Deutsche, etc., 64 N. J. Law, 624, 46 Atl. 631, 50 L. R. A. 199, 81 Am. St. Rep. 512, affirmed 194 U. S. 634, 24 Sup. Ct. 858, 48 L. Ed. 1160, proceed on the theory that the pyrotechnist was an independent contractor. A fireworks exhibition given at night in an open park where, from the very nature of things, the men managing the fireworks and explosives are off by themselves in an inclosure or roped off space, presents a different situation from a theatrical performance in a theater, with the owner and manager of the theater uniting with the performing company in presenting the production, and it seems to me that when he furnishes the musicians in the orchestra and the music, which is a part of the play, and supplies the light in the body of the house to illuminate the stage, and the various employés upon the stage—the property man, electricians, scene shifters, and stage hands mentioned in the contract—with his employés managing the lights upon the stage and the employé of the performing company out among the audience manipulating the spot light, it cannot be said that the performing company is an independent contractor.

The proposition urged by the defendant is practically the same as that asserted by the plaintiff in the well-known case of Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285. There it was claimed that the defendant fireworks manufacturer was an independent contractor; but the Court of Appeals (Judge O'Brien writing for the court) points out the fact that the citizens' committee having charge of the celebration took part in giving the show by giving directions and other like action and held them exclusively liable. I find on the facts here that the defendant so identified himself with the production that certainly as to the spot light he was responsible for the negligence of the operator. True, it was claimed that Eckstein, who was working for the defendant by the week, at this particular time, was in the pay of the performing company. He also claimed that, at the matinee performances in the daytime, during his regular hours of employment by the defendant, he worked for the performing company; but, I charged the jury, over plaintiff's exception, that on the evidence, at the moment of the accident, Eckstein was not in defendant's immediate employ. I think, nevertheless, that defendant was responsible for his acts, because of the relationship of the parties under the agreement and under the entire scheme of the production.

The motion for a new trial is denied in each case.