### HERTER v. DWYER.

(Supreme Court, Appellate Term. May 18, 1911.)

1. INNKEEPERS (§ 11*)—LIMITATION OF LIABILITY.

An innkeeper, who has not complied with the act of 1855 (Laws 1855, c. 421) by posting notice in his rooms as to liability for valuables, may limit his responsibility therefor by actual oral notice to a guest of a reasonable regulation.

[Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 11.*]

2. INNKEEPERS (§ 11*)—LOSS OF PROPERTY—REGULATIONS

A notice posted by a lodging house keeper, in a conspicuous place in the closets of his rooms, that he would not be responsible for property left in the closets, rooms, or hallways, but only for valuables left in the office, was a reasonable regulation, and the lodger, having notice thereof, was bound to comply therewith.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 28; Dec. Dig. § 11.*]

3. INNKEEPERS (§ 11*)—LOSS OF PROPERTY—"ORDINARY CARE."

"Ordinary care," required of a boarding house keeper in caring for the property of guests, is the average common prudence, or such care as a prudent person would ordinarily exercise in caring for his own property.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 21, 22; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, vol. 6, pp. 5029–5042; vol. 8, pp. 7739, 7740.]

4. INNKEEPERS (§ 11*)—LOSS OF PROPERTY—CONTRIBUTORY NEGLIGENCE.

Plaintiff had roomed in defendant's lodging house for 15 months, when he left some clothes in the locker in his room at 5:30 a. m., leaving the key of his room with the clerk; it not appearing whether he locked the locker, and, if so, what he did with the key. On his return in the evening, the clothes had disappeared. Plaintiff had noticed on the locker a notice to the effect that the proprietor would not be responsible for any-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thing left in the closets, but only for valuables left in the office. *Held*, that plaintiff was guilty of contributory negligence, and could not recover from the lodging house keeper for the loss of his clothes.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 31; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Frank Herter against Anna M. Dwyer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Wesselman & Kraus (Henry B. Wesselman, of counsel), for appellant.

Isaac Frank (Abraham Ablowitz, of counsel), for respondent.

BIJUR, J. Plaintiff for some 15 months had been a lodger in defendant's lodging house, where he paid 25 cents a night for a small room and bed. He left some clothes in the locker in the room when he went to work at 5:30 in the morning of November 21, 1910. On his return in the evening the clothes had disappeared. He had left the key of his room, in the morning, with the clerk. It is not clear whether he locked the locker, and, if so, what he did with the key; but no question is raised as to that point. In the locker was posted a notice in conspicuous type in the following words:

"The proprietor will not be responsible for anything left in these closets, rooms, or hallways; his responsibility being only for goods and valuables left in the office."

Plaintiff made every endeavor to evade admitting familiarity with this notice, but his palpable evasions proved the contrary; and this, too, quite apart from the inference necessarily to be drawn from his 15 months' previous occupancy of the room. Indeed, he substantially admits knowledge of the notice by an attempt to explain noncompliance therewith by claiming that when, on a previous occasion, he had left some of his clothes at the office, they had been returned to him mussed and crumpled.

[1, 2] It is not pretended that the keeper of this lodging house can be charged with the peculiar responsibility attached to an innkeeper. Cromwell v. Stephens, 2 Daly, 15, 24. But even an innkeeper, though he has not complied with the act of 1855 (Laws 1855, c. 421) by posting a notice, may limit his responsibility by actual oral notice to a guest of a reasonable regulation. Purvis v. Coleman, 21 N. Y. 111, 113. It follows, therefore, that the notice posted by the defendant in this lodging house was a reasonable regulation, with which the plaintiff was bound to comply under all the circumstances of the case. Schneps v. Strum, 25 Misc. Rep. 168, 54 N. Y. Supp. 140. Defendant can, therefore, scarcely be charged, even as a bailee, with responsibility for clothing which has never been delivered into her care, either expressly or impliedly.

[3] If, however, it might be said that the defendant should nevertheless be charged with the same responsibility for these clothes as the keeper of a boarding house, namely, to take ordinary care, which is defined as the "average common prudence" (Siegman v. Keeler, 4 Misc. Rep. 529, 24 N. Y. Supp. 821), or "due and reasonable care, such care as a prudent person would ordinarily take of his own property" (Smith v. Read, 6 Daly, 33, 37), the record may fairly be said to disclose that the keeping of a person, one by day and one by night, in general charge of the house, would, under all the circumstances of this case, be sufficient.

[4] In any event, I do not see how the plaintiff can escape the charge of contributory negligence. Purvis v. Coleman, supra.

For these reasons, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.