### DUCKWORTH v. CODINGTON CO.

(Supreme Court, Appellate Term. June 21. 1912.)

INNKEEPERS (§ 11*)—LOSS OF PROPERTY OF GUESTS—LIABILITY.

    Where the proprietor of a restaurant maintained a check system for the safe-keeping of the coats and hats of his patrons, and printed on his bill of fare and on signs on the wall that he would not be responsible for personal property unless checked at the desk, he was not liable for the loss of a customer's coat hung on a hook on the wall, in the absence of proof of negligence.

    [Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Albert Duckworth against the Codington Company. From a judgment for plaintiff, rendered by the Municipal Court of the City of New York, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Reno R. Billington, of New York City, for appellant.

Meyer D. Siegel, of New York City, for respondent.

PER CURIAM. Plaintiff entered the defendant's restaurant and hung up his overcoat upon a hook placed along the wall for that pur-

pose. He then seated himself at a table, and after dining could not find the coat. He has recovered a judgment for the value of the coat, from which judgment the defendant appeals.

It appears without contradiction that the defendant had printed upon its bill of fare the words, "Not responsible for personal property unless checked at the desk," and that signs with these words plainly printed thereon were suspended upon the walls at various places in the room. It was also shown that the defendant had a checking system for the safe-keeping of the coats and hats of its patrons. There was no negligence shown on the part of the defendant, and in the absence of such proof the plaintiff cannot recover. Schneps v. Strum, 25 Misc. Rep. 168, 54 N. Y. Supp. 140; Harris v. Childs Dairy Co., 84 N. Y. Supp. 260.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.