## WOLVERTON v. BAKER.

No. 15588—Opinion Filed Sept. 15, 1925.

**Conversion—Damages for Loss of Use and Value—Proof.**

In an action for conversion and damages for loss of use and value of the property taken, in order to recover for loss of use, it is necessary to prove the customary value of the use, where there is a custom, and where there is no custom, then the reasonable value, and, in order to recover for loss of property, it is necessary to prove the market value of the property, where there is a market value, otherwise the reasonable value. But where the evidence shows that plaintiff bought the property from defendant, in the usual course of mercantile traffic, the price paid will be presumed to be the market value at the time bought, in the absence of any evidence to the contrary, and this price, together with other facts and circumstances showing or tending to show, a change in the market value or depreciation, or lack thereof, is sufficient to go to the jury to determine the reasonable market value of the property at the time misappropriated.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Grady County; Will Linn, Judge.

Action by W. C. Baker against J. P. Wolverton. Judgment for plaintiff, and defendant appeals. Affirmed.

Bailey & Hammerly, for plaintiff in error.

C. A. Dearmon, for defendant in error.

Opinion by THREADGILL, C. On February 20, 1922, defendant in error, as plaintiff, commenced this action against plaintiff in error, as defendant, to recover damages in conversion for the alleged wrongful taking and selling of a Ford coupe. Plaintiff alleged that he was the owner of the coupe; it was new; had only been used about three weeks; that it was worth $747; that he left it in possession of the defendant for safekeeping, and without any authority from him so to do, defendant, sometime during the last week in October, 1921, sold and delivered the said coupe to the Trammel Oil Company of Chickasha, and appropriated the proceeds of the sale to his own use and benefit and deprived the plaintiff of the possession and use of the property; that he was damaged $100 by being deprived of the use of the coupe, and was at an expense of $150 for an attorney to bring this action; that he was damaged in the sum of $747 for the loss of the car, and he prays for $999 and cost of the action. Defendant answered by general denial and further stated, in substance, that he was not indebted to plaintiff for the reason that plaintiff had taken and appropriated to his own use and benefit prior to the last week in October, 1921, one Ford automobile, one tractor, and Ford parts worth more than $1,000, and in October, 1921, was indebted to defendant for said property and is still so indebted to him. There was a motion by plaintiff to strike all the answer except the general denial, which the court overruled. In this we think the court erred under the general rule that unliquidated damages in one tort cannot be offset by unliquidated damages in another tort. See sections 274 and 275, Comp. Stat. 1921; also Allison v. Shinner, 7 Okla. 272, 54 Pac. 711; Wyman v. Herard, 9 Okla. 35, 29 Pac. 1009; Tracy v. Norvell, 92 Okla. 240, 219 Pac. 384.

Plaintiff filed a reply of general denial, and the issues as thus joined were tried to a jury January 14, 1924, resulting in a verdict and judgment in favor of the plaintiff in the sum of $747, and interest and costs, and defendant has appealed, asking for a reversal on the ground that the evidence is not sufficient to sustain the judgment.

The material part of the evidence according to the record shows that plaintiff owned a Ford coupe in October, 1921; that he had been in the employ of the defendant for about two years, and for sometime prior to October, 1921, was a salesman and had charge of that part of defendant's business, and connected with his garage, to sell Ford car parts and automobiles; that before he bought this coupe from defendant he owned a Ford car that was equipped with extras, wire wheels, cord tires, and a large steering wheel, that cost him about $900, $400 in cash and a $350 diamond, and the balance in monthly payments of $10 a

month, checked off of his wages by the bookkeeper. This car was burned and all he saved was the chassis. He carried fire insurance on the car and collected $750 insurance for the loss and turned this check with the chassis over to the defendant for the new coupe he is here complaining about. He had used it about three weeks, when in his absence, while he was on a bridal tour, defendant sold it and appropriated the money to his own use and benefit. He demanded possession of the property when he returned, but was refused. This evidence as to the value of the property could have been more explicit, and plaintiff, having been in the business of selling Ford cars, could have made it so, by stating the general market value in that neighborhood, but it cannot be said that there is no testimony as to the value of the property, because the general market value is not stated, as evidence of the price paid for an article in as common use as a Ford automobile, and whose value and use are familiar to the public in general, together with any evidence as to change in market value or depreciation by use, is sufficient evidence to go to the jury for them to consider, in fixing the value according to all the facts and circumstances in the case. We think it may be stated as a general rule that in an action for conversion and damages for loss of use and value of the property taken, in order to recover for loss of use, it is necessary to prove the customary value of the use, where there is a custom, and where there is no custom, then the reasonable value, and in order to recover for loss of property, it is necessary to prove the market value of the property, where there is a market value, otherwise the reasonable value. But where the evidence shows that plaintiff bought the property from defendant in the usual course of mercantile traffic, the price paid will be presumed to be the market value at the time bought, in the absence of any evidence to the contrary, and this price, together with other facts and circumstances showing, or tending to show, a change in the market value, or depreciation, or lack thereof, is sufficient to go to the jury to determine the reasonable market value of the property at the time misappropriated. Jamieson v. New York & R. B. Ry. Co., 42 N. Y. Supp. 915; Bird v. Everard, 23 N. Y. Supp. 1008.

There was considerable evidence introduced by defendant to show that plaintiff's wages, during the last months he worked for defendant, were only $30 a week and he had no other resources, yet, a few days before he went away to get married, he checked out of the bank $1,200 and had a "big roll" of money, and there were $100 bills in it, and defendant checked up his stock of cars, tractors, and parts and found one tractor and one car missing, and was over $3,000 short in his stock, and this evidence was for the purpose of proving that plaintiff had sold and appropriated to his own use this much of the property, defendant's loss was that much in value, and the plaintiff was liable for it.

We do not think this evidence was admissible, but it was introduced and admitted, and the court instructed the jury on it, and told them that if they believed the plaintiff so appropriated the property of the defendant to his own use, they should find for the defendant, and the jury, upon all the issues, found against the defendant and in favor of the plaintiff and the court approved the verdict, and we think the evidence is sufficient to reasonably support the judgment of the court, and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 57, § 1799; 38 Cyc. pp. 2092, 2093, 2107.